UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY CORNE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 07-13931
DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 6, 2003, alleging that she had been disabled and unable to work since February 13, 2003, at age 33, due to fibromyalgia and osteoarthritis of her back and shoulders. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on December 15, 2005, before Administrative Law Judge (ALJ) Thomas L. English. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge determined that Plaintiff was limited to simple job assignments that did not require much interaction with co-workers, supervisors or the general public. The ALJ further restricted her to jobs that did not require her to frequently climb, squat, crouch, crawl, kneel or be exposed to extreme temperatures. The Appeals

Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 36 years old at the time of the hearing. She had been graduated from high school, completed two years of college, and had been employed as a assembly line worker, nurse's aide and support worker in a foster care home (TR 86, 101, 998). As a line worker manufacturing wire baskets, Plaintiff had to remain on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 25 pounds on a regular basis (TR 102).

Claimant stopped working in March 2003, due to fibromyalgia, back pain and numbness in her hands and feet (TR 982-983). She testified that periodic flare-ups of fibromyalgia prevented her from handling objects and remaining on her feet for prolonged periods (TR 984-985). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 985-986). She added that she frequently needed to lie down to get any pain relief (TR 988, 994). Plaintiff stated that she had trouble performing household chores, and that she had to rest between activities (TR 990, 993). Other impairments which the claimant said prevented her from returning to work included mental depression and chronic fatigue (TR 985, 998).

A Vocational Expert, Norman Abeles, classified Plaintiff's past work as medium to heavy, semi-skilled activity (TR 998-999). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 1003). If

---

[1] The witness explained that Plaintiff's alleged inability to concentrate in order to complete tasks in a timely manner would preclude all work activity (TR 1003).

**2**

she were capable of light work, there were numerous unskilled office building attendant, surveillance system monitor, inspection and small parts assembly jobs that Plaintiff could perform with minimal vocational adjustment (TR 1000). These jobs provided a sit-stand option, and did not require her to frequently climb, squat, crouch, crawl, kneel or be exposed to extreme temperatures. They involved simple, routine tasks, and did not require much interaction with co-workers, supervisors or the public (TR 999-1000).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of fibromyalgia, osteoarthritis and an adjustment disorder, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's was restricted to simple, routine tasks. The Law Judge further limited claimant to jobs that did not require her to frequently climb, squat, crouch, crawl, kneel or be exposed to extreme temperatures. Plaintiff was limited to work that provided a sit-stand option and did not require much interaction with co-workers, supervisors or the general public. Judge English determined that the claimant retained the residual functional capacity to perform a reduced range of light work within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her depression and inability to concentrate were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support for

Plaintiff's allegations of severe and totally disabling joint pain and functional limitations stemming from her mental depression.

The claimant does not challenge the ALJ's determination that she retained the physical capacity for light work activity during the relevant period. Her sole contention is that the ALJ's hypothetical question to the vocational expert failed to incorporate all her mental limitations, particularly the concentration deficiencies. (See pp. 6-15 of Plaintiff's memorandum in support of Summary Judgment).

The ALJ was certainly aware of Plaintiff's mental impairment, and he therefore included in his residual functional capacity finding significant mental limitations. The Law Judge recognized that the claimant was limited in understanding, remembering and carrying out detailed instructions. Consequently, he limited Plaintiff to jobs that involved simple, one to three step instructions (TR 39). Furthermore, the Law Judge found that the claimant could only perform jobs that required little contact with supervisors, co-workers and the general public, given her limited ability to respond to supervision and unusual work situations (TR 39).

The ALJ explained that he based his findings as to Plaintiff's mental limitations upon the opinion of a State agency reviewing psychologist, Ronald Marshall, Ph.D., who in July 2003, completed documentation that addressed claimant's mental impairment[2] (TR 179-197). Contrary to the claimant's assertion, the ALJ was not required to include in his hypothetical question to the vocational expert the fact that the claimant was found by this reviewing physician to be moderately impaired in four of twenty listed mental activities. The

---

[2]Plaintiff does not take exception to the ALJ's statement that there were "no other recognized medical opinion [in the record] with respect to [the claimant's] mental impairment." (TR 28).

Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical impairments.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004).

In the instant case, Dr. Marshall found that Plaintiff was moderately impaired in her ability to remember and carry out detailed instructions, maintain regular attendance, keep to a schedule and respond appropriately to supervisors in a work like setting (TR 180-181). Despite these difficulties, Dr. Marshall concluded that the claimant could still perform "tasks on a sustained basis", as long as she was restricted to simple, unskilled work (TR 196). Since the hypothetical question did include Dr. Marshall's overall assessment that Plaintiff was restricted to simple, unskilled work, the vocational expert was aware of her mental limitations before he identified the types of jobs that the claimant could still perform[3] (TR 1000).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

---

[3]Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [her] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2008). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she "can and cannot do," there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE
DATED: May 21, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify on May 21, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 21, 2008. **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217